IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LIVINGSTON G. MINOTT      *
    Petitioner
       v.      *   CIVIL ACTION NO. JKB-16-2672

WARDEN, *et al*.      *
    Respondents.
                       *****

## **MEMORANDUM**

On July 25, 2016, the court received a 28 U.S.C. § 2254 petition for habeas corpus relief from Livingston Minott, a detainee at the Buffalo Federal Detention Facility in Batavia, New York. ECF No. 1. On July 26, 2016, Minott's motion for leave to proceed in forma pauperis was granted and he was ordered to supplement his petition, it appearing that attachments setting out his grounds for relief were omitted. ECF No. 3. On August 17, 2016, Minott filed a court-ordered supplemental petition. ECF No. 4.    Minott seeks to attack his May 2009 conviction on marijuana possession in the Circuit Court for Washington County. He claims that he received ineffective assistance of counsel and his conviction was "administered" in violation of his constitutional rights as he was actually innocent of the charges. ECF No. 4-1.

Minott is attacking his 2009 conviction for which he claims he received "one year of incarceration, for which [he] served 146 days and 3 months of supervised probation." ECF No. 4. According to the Maryland judiciary website, Minott was convicted on May 7, 2009, received a one-year sentence on one count of possession of marijuana, all suspended, and three years of unsupervised probation. *See State v. Minott*, 21K08041179 (Cir. Ct. for Washington County 2009), available at Maryland Judiciary Case search, http://casesearch.courts.state.md.us.

Title 28 U.S.C. § 2254 provides, in pertinent part, that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The Supreme Court has made unmistakably clear that a § 2254 petitioner must, at the time his or her petition is filed, be "in custody" pursuant to the contested state conviction or sentence. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). It is also clear that § 2254's requirement that a habeas petitioner be "in custody" pursuant to the contested state conviction raises a threshold jurisdictional question. *Maleng*, at 490 (stating that "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States'") (emphasis in original); *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004) (stating that "[t]he 'in custody' language of § 2254 is jurisdictional and requires habeas petitioners to be 'in custody' under the conviction or sentence under attack when they file the petition") (citing *Maleng*, 490 U.S. at 490–91).

Of course, to meet the jurisdictional "in custody" requirement, a § 2254 petitioner need not be in actual physical custody of state authorities at the time a habeas petition is filed. Thus, it is well-settled that an ongoing term of probation or parole is a sufficient restraint on a petitioner's liberty to allow the petitioner to attack a state sentence on constitutional grounds pursuant to § 2254. *See, e.g.*, *Jones v. Cunningham*, 371 U.S. 236, 242 (1963) (holding that a prisoner who had been placed on parole was still "in custody" under an unexpired state sentence for habeas purposes because the petitioner's release from physical confinement was not unconditional and "the custody and control of the Parole Board involves significant restraints on petitioner's liberty"). But it is equally well-settled

that "[o]nce the sentence imposed for a conviction has *completely expired,* the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492 (emphasis added).  Significantly, a habeas petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted.  *Id.*

Minott's immigration status constitutes a collateral consequence of his conviction that is insufficient to satisfy the "in custody" requirement for federal habeas corpus proceedings, without which this Court lacks jurisdiction to consider his § 2254 petition.  *See Resendiz v. Kovensky*, 416 F.3d 952, 957-58 (9th Cir. 2005); *Broomes v. Ashcroft*, 358 F.3d at 1254 (petitioner's federal custody on immigration removal proceedings does not satisfy "in custody" requirement of § 2254 where sentence to challenged state court conviction had expired); *Mainali v. Virginia*, 873 F. Supp. 2d 748, 751-52 (E.D. Va. 2012); *Camera v. New York*, No. 11–cv–8235, 2012 WL 3242697, at *3 (S.D.N.Y. Aug. 9, 2012) ("[I]mmigration detention is not 'custody' for the purposes of establishing jurisdiction to consider habeas petitions challenging a state court conviction pursuant to 28 U.S.C. § 2254.") (quoting *Ogunwomogu v. United States*, 512 F.3d 69, 70 (2d Cir. 2008))).

Because Minott's sentence and probationary period have expired, he is no longer in custody on the Maryland crime for which he was convicted.  He does not satisfy the "in custody" requirement. His petition shall be dismissed.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that …

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  Minott does not satisfy this standard, and the court declines to issue a certificate of appealability.  A separate Order follows.

Date:  September 8, 2016                                    /s/
                                                                James K. Bredar
                                                                United States District Judge